No. 3181.—WILLIAM SILLIMAN et als. *v.* JOHN Y. MILLS et als.—
JOSEPH E. NORWOOD, Third Opponent.

One mortgage takes rank over another by the priority of date of registry in the office of the
Recorder of Mortgages where the property mortgaged is situated.   The priority of date
of registry gives the preference over the property mortgaged or the proceeds thereof, if
it has been sold without reference to the character of the debt on which the mortgage is
founded.

All exceptions to the form of the proceedings, if not pleaded in *limine litis*, are considered
waived, if the case has been decided on general and special defenses without any action
of the court on the exceptions.

APPEAL from the Seventh District Court, parish of Pointe Coupée.
*Miller, J. Farrar & Montgomery,* for plaintiffs and appellees.
*Collins & Leake,* for defendants and appellants.

WYLY, J.   This is a contest between mortgage creditors for the pro-
ceeds of the sale of a plantation in the parish of Pointe Coupée and
a rule to compel the sheriff to complete the sale of the property adju-
dicated to the plaintiffs, the seizing creditors, on the second day of
May, 1868.

The contest for the proceeds is between the plaintiffs and the third
opponent, the latter claiming part of the proceeds on the ground that
he is a concurrent mortgagee.

The court, deciding that the mortgage of the opponent was inferior
in rank to that of the plaintiffs, dismissed the opposition and ordered
the sheriff to complete the judicial sale made on the second day of
May, 1868, and to credit the amount of the bid on the writs of the
plaintiffs in execution.

The third opponent has appealed.

It appears from the record that the mortgage foreclosed by the
plaintiffs, and under which the plantation was sold, was recorded in
the parish of Pointe Coupée, where the plantation is situated, twelve·
days prior to the registry of the mortgage of the third opponent in·
said parish.

It matters not what may have been the consideration of the mort-
gage of the third opponent or at what time it was executed, it only
had effect as to the plaintiffs from the day of its registry in the parish
of Pointe Coupée, and, this registry being subsequent to the plaintiffs',
the mortgage of the latter is inferior in rank to ·the mortgage of the·
third opponent.   The plaintiffs are therefore entitled to the proceeds
of the sale.

We deem it unnecessary to consider the objections which are purely
technical, and in which the third opponent is not interested, being a.
junior mortgage creditor; and we will not notice the issues raised in
the amended answer of the opponent to plaintiffs' rule, because the·
same was disallowed by the court and no bill of exceptions was taken,
to said ruling.

Silliman et als. v. Mills et als.—Norwood, Third Opponent.

The objection that the sheriff returned the writs of execution after the adjudication without completing his return thereon, can not defeat the rights of the plaintiffs, it being the duty of the sheriff to retain certified copies on which to make his final returns, and he being presumed to have done his duty. Acts of 1855, approved March 15; C. P. 642.

The exception to the capacity of the executors of Silliman to file the rule to compel the sheriff to complete the sale, should have been pleaded in *limine litis* before issue joined, and it is considered waived by the general and special defences to the merits on which the case was determined, without any action of the court thereon. C. P. 333; 11 An. 688, 689; 18 An. 206, 207, and authorities cited.

It is therefore ordered that the judgment appealed from be affirmed, the appellant paying costs of appeal.